IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MATTHEW A. SMITH                                                                    PLAINTIFF

v.                              CIVIL NO. 5:19-CV-5177

WALMART                                                                              DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On September 17, 2019, Plaintiff, Matthew A. Smith, filed a Complaint in the above referenced case, asserting claims potentially related to employment discrimination. (Doc. 1). Also, on that day, Plaintiff filed a motion to proceed *in forma pauperis* (IFP) and for service upon the named Defendant. (Doc. 3).

By Order entered on September 19, 2019, Plaintiff was directed to complete and file his Complaint on a form Complaint for Employment Discrimination and also submit his EEOC Notice of Suit Rights. (Doc. 5). Plaintiff was also directed to provide the Court with additional information regarding his IFP motion. The deadline set for Plaintiff was October 2, 2019. Plaintiff failed to comply with the Court's Order and an Order to Show Cause was entered on October 7, 2019, directing Plaintiff to show cause on or before October 21, 2019, why the suit should not be dismissed. (Doc. 6).

On October 21, 2019, Plaintiff filed a Motion for Stay of Execution and a Motion for Joinder of Parties. (Docs. 7, 8). Plaintiff's Motion for Joinder of Parties was denied as moot by way of a text only Order entered on October 24, 2019. Also, on October 24, 2019, the Court entered an Order granting Plaintiff's Motion for Stay of Execution, to the extent that the case

would be administratively terminated. (Doc. 11).  Plaintiff was provided 120 days in which to file a Motion to Reopen, and with that motion, Plaintiff was directed to submit the Complaint for Employment Discrimination along with the EEOC Notice of Suit Rights; to provide the Court with an explanation as to why he was unable to pay the filing fee based on a net income of $1553.53 a month, after expenses; and to explain why Plaintiff reported on his application that he did not expect any major changes in monthly income, but also stated that he was not making a continuous income.  (Doc. 11).  Plaintiff's Motion to Reopen was to be filed by February 21, 2020.  To date, Plaintiff has not filed a Motion to Reopen.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); Line v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  Brown v. Frey, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).  Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case and to prosecute or defend the action diligently.

Based on the foregoing, the undersigned recommends dismissing Plaintiff's case without prejudice based on Plaintiff's failure to prosecute the case pursuant to Rule 41(b) and his failure to comply with Local Rule 5.5(c)(2).  **The parties have fourteen days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 26th day of February 2020.


/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE